# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HARTFORD LIFE AND ACCIDENT
 INSURANCE COMPANY,

           Plaintiff,        :    Case No. 3:09-cv-293

  - vs -

                                          Magistrate Judge Michael R. Merz

ALICE JANE DILLABAUGH, et al.,

           Defendants.      :

## DECISION AND ORDER DENYING WITHOUT PREJUDICE THE MOTION TO EXCLUDE THE CLARK COUNTY CORONER

      This case is before the Court on Plaintiff Hartford Life and Accident Insurance Company's ("Hartford") Motion in Limine to Exclude the Clark County Coroner's Opinion on Roy G. Dillabaugh's Manner of Death (Doc. No. 43). Defendant Alice Jane Dillabaugh ("Mrs. Dillabaugh") opposes the Motion (Doc. No. 47) and Hartford has filed a Reply in Support (Doc. No. 49).

      Because the motion papers left the Court in doubt on the question, it requested and has received from Mrs. Dillabaugh her indication that she intends to call the Clark County Coroner, Dr. Richard Marsh, to provide live expert testimony in her case in chief (Response, Doc. No. 67; see also  Joint Proposed Final Pretrial Order, Doc. No. 68, PageID 3410.)   Having reviewed Mrs. Dillabaugh's response and the motion papers, the Court is left with further questions on which the parties should be heard.

      First of all, the parties argue the admissibility of Dr. Marsh's testimony in terms of Ohio

1

Revised Code § 313.19 and interpretations of it by the Ohio courts. The Court's jurisdiction here being grounded in diversity, Ohio substantive law governs the claims. 28 U.S.C. §1652; *Gasperini v. Center for Humanities, Inc.*, 528 U.S. 415, 427, n. 7 (1996); *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). But the admissibility of evidence appears to the Court to be a matter of procedure on which federal procedural law governs. If "a rule really regulates procedure, -- the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them," then the federal procedural law, including the Federal Rules of Civil Procedure and the Federal Rules of Evidence, will apply regardless of the basis of jurisdiction. *Sibbach v. Wilson*, 312 U.S. 1, 14 (1940). This issue is not addressed in the motion papers.

Secondly, Mrs. Dillabaugh's Response makes clear that Dr. Marsh will be called as a live witness. That means, it seems to the Court, that his testimony is subject to the same analysis under *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), that the Court applied to the proposed testimony of Professor Ronald Maris. The fact that Dr. Marsh may be exempt from the report-writing requirements of Fed. R. Civ. P. 26(a)(2)(B) does not mean that he is exempt from the foundation requirements imposed by *Daubert* for admission of any expert testimony. Because he has not filed a report, the Court lacks even the minimum resources necessary to fulfill its gatekeeping role under *Daubert*. Mrs. Dillabaugh's argument that Dr. Marsh is qualified to give an opinion on whether this death was a suicide or not because he has been a coroner for thirteen years is a curious obverse of her argument that Professor Maris could not give such an opinion, despite years of investigating deaths, including extensive time as a deputy medical examiner in Baltimore.

The Court concludes the parties should have an opportunity to be heard on whether Ohio

Revised Code § 313.10 trumps the Federal Rules of Evidence in this case. If the Federal Rules of Evidence apply, then it seems an appropriate foundation must be laid for Dr. Marsh's testimony under Fed. R. Evid. 702, a task not yet accomplished.

Accordingly, the Motion in Limine is denied without prejudice to the merits of Dr. Marsh's testifying if any appropriate foundation is laid at or before trial.

November 25, 2010.

s/ *Michael R. Merz*<br>United States Magistrate Judge