# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

HARTFORD LIFE AND ACCIDENT
 INSURANCE COMPANY,

        Plaintiff,       :   Case No. 3:09-cv-293

- vs -

                                 Magistrate Judge Michael R. Merz

ALICE JANE DILLABAUGH, et al.,

        Defendants.     :

## DECISION AND PROVISIONAL ORDER ON PLAINTIFF'S MOTION IN LIMINE REGARDING PAYMENT OF OTHER INSURANCE PROCEEDS

This case is before the Court on Plaintiff Hartford Life and Accident Insurance Company's ("Hartford") Motion in Limine to Exclude Evidence of Payment of Other Insurance Proceeds (Doc. No. 82). The Motion was filed, with leave of court, on November 29, 2010, and Defendant Alice Jane Dillabaugh has not yet had an opportunity to respond. Nevertheless, during the final pretrial conference on November 29, 2010, the parties expressed a desire for a very prompt decision on this Motion. Therefore the following ruling is subject to modification upon a showing of good cause by Defendant Dillabaugh.

As Hartford notes, the Court has precluded it from introducing evidence to show that Ms. Dillabaugh did not use the insurance proceeds she has already received from policies issued by other insurers for the purpose she was instructed to use them in letters written to her by the decedent but delivered to her only after his death. Having been thus precluded from rebutting any inference the jury might draw from the instructions themselves, Hartford now wishes to preclude any evidence

that she received proceeds of other policies.

As to the evidence which Ms. Dillabaugh might adduce in that regard, Hartford points only to the statement made in her motion papers: "The fact that every insurer except The Hartford paid Ms. Dillabaugh's claims tends to make it more likely that the nearly identical suicide exclusion invoked by The Hartford does not apply, which has a direct bearing on Ms. Dillabaugh's claims against The Hartford." (Motion, Doc. No. 82, PageID 3764, quoting Motion, Doc. No. 52, PageID 2337). There are no witnesses identified by either party as prepared to testify on this subject (Joint Proposed Final Pretrial Order, Doc. No. 68, Appendices A & B ). None of the other insurance policies appear to be listed as exhibits by either party. *Id.* Appendices E & F. It is unknown to the Court how Ms. Dillabaugh would intend to prove that the other policies contained "nearly identical suicide exclusions" in the absence of waiver of the best evidence rule.

Presumably the intended inference to be drawn by the trier of fact is that the other insurance companies decided that this was not a suicide. The Court does not believe that inference is relevant to prove the truth of the proposition that it was not a suicide. Before Galileo, the vast bulk of people in Christendom believed that the earth was the center of the universe, but that widespread belief did not logically make the proposition more likely than the absence of such a belief would. Or suppose either party convened a series of mock juries and presented them with all the facts which will be presented at trial. The fact that 80% of those juries decided the question one way or the other would not be logically relevant to whether it was a suicide or not.

But assuming arguendo that the evidence is relevant, it must be excluded because it would mislead the jury. It would imply that other experts working for other insurance companies had made an expert decision different from the one made by Hartford, thus implying expert evidence without subjecting that evidence to any of the competency evaluation required under Fed. R. Evid. 702. The

result would be unfairly prejudicial to Hartford.

      Accordingly, Hartford's Motion to Exclude Proof of Payment of Insurance Proceeds by other insurers is granted.

November 30, 2010.

                                                  s/ **Michael R. Merz**
                                               United States Magistrate Judge